Filed 9/24/21  Marriage of Mhanna and Hage CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of FIDA MHANNA and GHASSAN HAGE. | H045078, H045423, H046384<br>(Santa Clara County<br>Super. Ct. No. 6-13-FL010520) |
| FIDA MHANNA,<br><br>        Respondent,<br><br>        v.<br><br>GHASSAN HAGE,<br><br>        Appellant. | |

On October 23, 2014, a judgment of dissolution was entered involving the marriage of appellant Ghassan Hage and respondent Fida Mhanna, who have two daughters.  There have been extensive postjudgment proceedings.  These three appeals involve challenges by Hage to six postjudgment orders.[1]

In the first appeal, case No. H045078, Hage challenges two orders:  (1) an order of July 6, 2017, determining that Hage owed child support arrearages totaling $6,048.72,

_____

[1] On March 13, 2019, this court deemed Mhanna's motion to consolidate appeals as a motion to consider the three appeals together, and as such, we granted the motion, ordering that the cases would be considered together for briefing, argument, and disposition.

and attorney fee award arrearages totaling $6,241.09 (hereafter, the arrearages order); and (2) a subsequent August 21, 2017 order denying Hage's motion to reconsider the arrearages order. In the second appeal, case No. H045423, Hage challenges the court's December 20, 2017 order granting a writ of execution to enforce past-ordered child support and attorney fees awards (hereafter, the execution order). And in the third appeal, case No. H046384, Hage challenges three orders: (1) an April 6, 2018 order requiring Hage to pay Mhanna a total of $80,000 in attorney fees, pursuant to Family Code sections 271 and 2030[2] (hereafter, the attorney fees order); (2) an order of October 29, 2018, denying Hage's request to set aside or vacate the attorney fees order; and (3) a minute order of November 6, 2018, purportedly granting Mhanna's request to enforce a prior court order for attorney fees through a Qualified Domestic Relations Order (QDRO; hereafter, the QDRO minute order).

Hage contends the trial court erred in making the six orders from which appeals have been taken. We conclude that the appeal as to the attorney fees order (April 6, 2018 order in case No. H046384) is untimely, and we will accordingly dismiss that appeal. As to the remaining five orders, we conclude there is no error, and we will therefore affirm the orders.

---

[2] All further unspecified statutory references are to the Family Code.

2

# I. PROCEDURAL HISTORY[3]

## A. Appeal No. H045078

On July 6, 2017, the court filed an order after a hearing occurring on the same date on Mhanna's "order to show cause, notice of motion or request for order filed 12//16/15 & 1/13/16." The court found that as of July 6, 2017, Hage owed child support and accrued interest in the amount of $6,048.72, and Hage was ordered to make installment payments of $500 per month from September 1, 2017, until paid in full. The court found further that as of July 6, 2017, Hage owed previously-ordered attorney fees to Mhanna's counsel, David Yomtov, with accrued interest, in the total amount of $6,241.09, and Hage was ordered to pay $500 per month commencing August 1, 2017, until the amount was fully paid.

On July 11, 2017, Hage filed a request for order asking the court to "reconsider and correct" its arrearages order of July 6, 2017. (Capitalization omitted.) On August 21, 2017, the court denied Hage's motion to reconsider the arrearages order.

Hage filed a notice of appeal in which he challenged the two orders.

---

[3] A more detailed discussion of the proceedings involving the individual orders challenged in this appeal is contained in the discussion of the merits of Hage's claims, *post*.

Additionally, we are familiar with this dissolution proceeding by reason of two prior appeals by Hage. In an opinion filed January 14, 2019, a panel of this court affirmed a postjudgment order denying Hage's request to modify a prior custody and visitation order. (See *In re Mhanna and Hage* (Jan. 14, 2019, H044493) [nonpub. opn.] (*Mhanna I*).) And in an opinion filed February 11, 2020, a panel of this court affirmed a postjudgment order declaring Hage a vexatious litigant pursuant to Code of Civil Procedure section 391. (See *In re Mhanna and Hage* (Feb. 11, 2020, H045077) [nonpub. opn.] (*Mhanna II*).) We take judicial notice of these two previously-filed opinions. (See *ZF Micro Devices, Inc. v. TAT Capital Partners, Ltd.* (2016) 5 Cal.App.5th 69, 73, fn. 3 [appellate court may take judicial notice of its prior unpublished decision].) Because we take judicial notice of our opinion in *Mhanna II* in which we affirmed the order declaring Hage a vexatious litigant, it is unnecessary for us to take judicial notice of that order here; accordingly, we will deny Mhanna's request for judicial notice filed in case No. H045078.

3

**B.    Appeal No. H045423**

On September 25, 2017, Mhanna filed a request for order seeking a writ of execution.  On December 20, 2017, the court granted Mhanna's request for issuance of a writ of execution to enforce past-ordered child support and attorney fees awards.  Hage filed a notice of appeal in which he challenged the December 20, 2017 execution order.

**C.    Appeal No. H046384**

On August 4, 2017, Mhanna filed a request for order in which she requested attorney fees and costs including sanctions against Hage pursuant to section 271 and Code of Civil Procedure section 128.5.  On April 6, 2018, after a hearing, the court ordered Hage to pay Mhanna $70,000 in sanctions pursuant to section 271, of which $50,000 of the amount awarded was also awardable as attorney fees under section 2030. The court also ordered Hage to pay Mhanna $10,000 in attorney fees pursuant to section 2030 for the cost of defending Hage's appeal of a child custody order.  (This child custody order was later affirmed by this court in *Mhanna I*, *supra*, H044493 [nonpub. opn.].)

On October 29, 2018, the court denied Hage's request to set aside, vacate, or reconsider the April 6, 2018 attorney fees order.

On November 6, 2018, the court issued a minute order purportedly granting Mhanna's request to enforce a prior court order for attorney fees through a QDRO.  As discussed, *post*, in a formal order filed November 21, 2018, the court *denied* Mhanna's request for issuance of a QDRO.

On November 9, 2018, Hage filed a notice of appeal in which he challenged the attorney fees order, the order denying his request to set aside or vacate the attorney fees order, and the QDRO minute order.

## II.    DISCUSSION

### A.    Standard of Review

As the California Supreme Court has recently reiterated, "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).)  " 'All intendments and presumptions are indulged to support [the lower court's judgment or order] on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Any ambiguities in the record are resolved in favor of affirmance of the judgment or order.  (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.)  Furthermore, an appellate court, "[a]s an aspect of the presumption that judicial duty is properly performed, . . . presume[s] . . . that the [trial] court knows and applies the correct statutory and case law." (*People v. Coddington* (2000) 23 Cal.4th 529, 644, overruled on other grounds by *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13.)

It is the appellant's burden to overcome the presumption of correctness by demonstrating, through an adequate record, error requiring reversal.  (*Jameson*, *supra*, 5 Cal.5th at p. 609.)  This burden exists, regardless of whether the respondent has submitted argument in support of the appealed judgment or order. (See *Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226 [appellant required to demonstrate error even if respondent did not file appellate brief].)

The parties do not address, with citations to legal authority, the standard(s) of appellate review that apply to the six orders challenged in these three appeals.  (See *Tosi v. County of Fresno* (2008) 161 Cal.App.4th 799, 803 [criticizing appellants for including no discussion of applicable standard of review in either opening or reply briefs].) Because the standard of review "is the compass that guides the appellate court to its

decision" (*People v. Jackson* (2005) 128 Cal.App.4th 1009, 1018), we will discus the appropriate standard(s) here before proceeding with our review of the merits of the appeals.

An order awarding statutory, need-based attorney fees under section 2030 is reviewed for abuse of discretion. (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 866.) Likewise, an order imposing attorney fees as sanctions under section 271 is reviewed for abuse of discretion. (*Parker v. Harbert* (2013) 212 Cal.App.4th 1172, 1177.) Such a sanctions order " ' " 'will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order.' " ' [Citation.]" (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478.)

An order granting or denying a request to set aside a judgment or order under Code of Civil Procedure section 473, subdivision (b),[4] is also reviewed for abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).) " 'A ruling on a motion for discretionary relief under [Code of Civil Procedure] section 473 shall not be disturbed on appeal absent a clear showing of abuse.' [Citation.]" (*Ibid.*)[5]

---

[4] "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (Code Civ. Proc., § 473, subd. (b).)

[5] We observe that one of the orders challenged in case No. H046384 was the denial of Hage's request to "set aside or vacate" the attorney fees order of April 6, 2018. (Capitalization omitted.) Hage did not cite any legal authority below in support of the set-aside request, nor does he cite such authority in his appellate briefs. It is therefore uncertain as to the legal basis (statutory or otherwise) upon which his request was founded. It appears that the most likely basis would have been under Code of Civil Procedure section 473, subdivision (b), under which Hage may have sought relief from the April 6, 2018 attorney fees order "taken against him . . . through his . . . mistake, inadvertence, surprise, or excusable neglect." (*Ibid.*) But even if some other statutory ground were the basis for Hage's set-aside request, it seems clear that the same abuse of

Child support orders are also reviewed for abuse of discretion. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 282.) "Our review is limited to determining whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion. [Citation.] We do not substitute our judgment for that of the trial court; we confine ourselves to determining whether any judge could have reasonably made the challenged order." (*In re Marriage of De Guigne* (2002) 97 Cal.App.4th 1353, 1360.)

The appellant bears the burden of demonstrating that the trial court abused its discretion. (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 16.) And an "order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

**B.      Orders in Appeal No. H045078**

Hage challenges the arrearages order of July 6, 2017, and the order of August 21, 2017, denying Hage's motion to reconsider the arrearages order. We address these two orders separately below.

*1.      Arrearages Order (July 6. 2017)*

**a.      Background**

The court conducted a lengthy hearing on July 6, 2017. At its commencement, Mhanna's counsel, David Yomtov, identified that the purpose of the hearing was to obtain an accounting of Hage's underpayments of child support for 2015 and early 2016, as well as an accounting of unpaid attorney fees that the court had previously ordered to be paid by Hage.

---

discretion standard would apply. (See *In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138 [order denying request to set aside judgment under § 2122 based upon actual fraud, perjury, duress, or mistake reviewed for abuse of discretion]; *Jacuzzi v. Jacuzzi Bros., Inc.* (1966) 243 Cal.App.2d 1, 24 (*Jacuzzi*) [" 'trial court has broad discretion in considering motions for a new trial' " from court trial proceedings under Code Civ. Proc., § 662].)

7

Yomtov made an offer of proof as to matters to which Mhanna would testify that consisted of, inter alia, the following: (1) the October 23, 2014 judgment provided that Hage would pay monthly child support of $2,135; (2) for seven months (August 2015 to February 2016), Hage paid $1,395 per month instead of the ordered monthly amount of $2,135[6]; (3) the unpaid child support amounts, plus accrued interest, totaled $6,048.72; (4) on July 14, 2015 (and by formal written order on September 1, 2015), the court ordered Hage to pay attorney fees of $5,000 to Yomtov, pursuant to section 2030; (5) on March 8, 2016, the court ordered Hage to pay attorney fees of $500 to Yomtov pursuant to section 271; and (6) the total amount due on the unpaid attorney fees ordered plus interest was $6,241.09.

The trial court permitted extended testimony/argument by Hage, who was self-represented. As it concerned the child support arrearages claim, Hage's central contention was that Mhanna was responsible for paying one-half of the tuition for private school for their daughters, and that any deduction of those fees from child support payments he made was therefore justified.[7] Mhanna's position was that while she was amenable to paying and did pay for one-half of one daughter's preschool expense, she never agreed to pay for private school tuition. Mhanna, through her counsel's presentation, stated that it had been Hage's strong desire to later place their daughters in private school, and that Mhanna could not afford it and had never agreed to pay any of

---

[6] Although the judgment of dissolution of October 23, 2014 is not part of the record in case No. H045078, we observe that the judgment of dissolution is attached as an exhibit to a declaration made part of the record in case No. H045423. The judgment includes an order of child support, commencing August 1, 2014, totaling $2,135 per month for the parties' two children.

[7] Hage contended that Mhanna's agreement to pay a portion of private school tuition was shown by her continuing in 2015—after the court in April 2015 had denied Hage's request that Mhanna be ordered to pay a portion of school tuition—to list in her Income and Expense Declaration $800 in monthly school expenses.

8

the tuition.[8]  Mhanna testified that Hage enrolled their daughters in private school, and, in 2015 and 2016, he began deducting school fees from the child support payments. Yomtov explained further that prior to Hage enrolling the children in private school, the court had ruled that Hage would bear the cost of private school.  As observed by the court, in an order filed November 9, 2015 (from a hearing on April 23, 2015), the court denied Hage's request to modify the judgment to require Mhanna to pay one-half of private school tuition.

At the end of the hearing, the court ruled from the bench in favor of Mhanna.  Its rulings were confirmed in a formal written order filed July 6, 2017.  The trial court held that (1) child support had been set at $2,135 per month; (2) Hage began making reduced monthly payments of $1,395 beginning August 3, 2015 until February 2016; (3) there was no agreement by Mhanna that support could be reduced to account for private school tuition; (4) the total amount of arrearages, with accrued interest, was $6,048.72; and (5) interest on that total sum would continue to accrue at the legal rate of 10 percent until paid.  The court ordered Hage to make monthly payments of $500 to satisfy the support arrearages, with said payments commencing on September 1, 2017, and that if any installments were not paid timely, the entire amount would immediately become due and owing.

The court also ruled that there were separate valid orders by the court that Hage pay attorney fees of $5,000 and $500 to Yomtov, and it found them due and payable with accrued interest in the total sum of $6,241.09; interest on that sum would continue to accrue at the legal rate of 10 percent until paid.  The court ordered that Hage make monthly installments of $500 on the attorney fee arrearages, with said payments

---

[8] Yomtov stated further that he had repeatedly advised Hage by e-mail that Mhanna would not agree to pay.

commencing on August 1, 2017.  In the event any installments were not made on time, the entire amount would become immediately due.

### b.    Hage's Failure to Procure Record

The trial court identified in its arrearages order July 6, 2017, that the hearing concerned Mhannna's "order to show cause, notice of motion or request for order [hereafter, collectively, the requests] filed 12//16/15 & 1/13/16."  Requests of these dates filed on behalf of Mhanna are not part of the appellate record.  The superior court's register of actions that is part of the record in appeal No. H046384, however, reflects that an "OSC:  Contempt" was filed on behalf of Mhanna on December 16, 2015, and that an "OSC:  Contempt" and a "Request for Order:  Attorney Fees" were filed on behalf of Mhanna on January 13, 2016.

Further, from our review of the transcript of the July 6, 2017 hearing and the register of actions, there were relevant orders that were the subject of the July 6 hearing which were omitted from the record on appeal.  In the offer of proof on behalf of Mhanna, her attorney identified (1) a judgment of October 23, 2014, providing that Hage was to pay monthly child support of $2,135; (2) an order after hearing on July 14, 2015 (with a formal order filed September 1, 2015), in which Hage was ordered to pay attorney fees of $5,000; and (3) an order after hearing on March 8, 2016, concerning Hage's request for a modification of child support in which Hage was ordered to pay attorney fees of $500.  The register of actions contains entries that confirm the entry of judgment and appear to confirm that the court held hearings and issued orders after hearings concerning the two attorney fee awards.  None of these orders regarding monthly child support or attorney fees are part of the appellate record herein.

Additionally, there were other papers filed in support of Mhanna's two requests— besides the requests themselves—that were omitted from the record on appeal.  At the hearing, Yomtov referred to "a declaration of payment history with recap" containing printouts identifying installments, and computer-generated interest calculations.  There

10

was considerable discussion at the hearing about this declaration. This declaration, which is not part of the appellate record, was filed June 28, 2017.

The appellant bears the burden of showing reversible error by an adequate record. (*Jameson*, *supra*, 5 Cal.5th at p. 609.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Ibid.*) Therefore, an appellant's failure to present an adequate record will result in the issue being resolved against appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 (*Maria P.*).)

Hage, as the party challenging the trial court's ruling, has the burden of showing reversible error by an adequate record. (*Jameson*, *supra*, 5 Cal.5th at p. 609.) The orders regarding child support and requiring Hage to pay attorney fees referenced above formed the grounds upon which the challenged arrearages order was based. They were documents essential to our review, but they were not included in the appellate record. Likewise, the papers filed by Mhanna in support of her requests, including the declaration of payment history discussed at length at the hearing, were documents necessary for this court's meaningful review of the trial court's arrearages order; they, also, were omitted from the appellate record. Based upon Hage's failure to procure an adequate record, it is appropriate for us here to resolve his challenge to the arrearages order against him. (*Maria P., supra*, 43 Cal.3d at pp. 1295-1296.)[9]

---

[9] We acknowledge that Hage is representing himself in this appeal. However, the rules of civil procedure apply with equal force to self-represented parties as they do to those represented by attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) Thus, "[w]hen a litigant is appearing in propria persona, he [or she] is entitled to the

### c. No Error Re July 6, 2017 Arrearages Order

Hage's failure to procure an adequate record notwithstanding, his challenge to the arrearages order also fails on its merits.

With respect to the child support portion of the arrearages order, Hage argues that he established below that the issue of whether he owed unpaid child support to Mhanna had been previously addressed over a year before the July 6, 2017 hearing. He claims that on May 23, 2016, a judge who heard all proceedings in the case before 2017—a different judge than the judge who decided the arrearages order—heard the child support issue and did not order Hage to pay any arrearages.

Hage presents no cogent or factually-supported argument in support of his claim that the court committed error in finding that Hage owed child support arrearages of $6,048. It appears that his contention is that the court was not empowered to make this finding on July 6, 2017, because a different judge on May 23, 2016, had made an express finding that the arrearages were not in fact owing. But he presents no citation to the appellate record that proves, or even suggests, there was such a prior finding. Hage identifies no formal order, minute order, or statement by the court at the May 23, 2016 hearing that corroborates his assertion that the court found at that time that there were no child support arrearages. Indeed, the May 23, 2016 reporter's transcript—which would be the best evidence of what transpired at the hearing—is not part of the appellate record. To repeat, Hage as the appellant has the burden of showing reversible error by an adequate record. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

---

same, but no greater, consideration than other litigants and attorneys." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [self-represented litigants are required to follow correct rules of procedure].)

Hage refers to an attachment to his opening brief ("Exhibit 'OB1' ") in support of his position.[10] Although it is not appropriate to consider this attachment that is not part of the record (*Lona*, *supra*, 202 Cal.App.4th at p. 102; *Hodge*, *supra*, 130 Cal.App.4th at p. 546, fn. 1), it, in any event, does not support Hage's position. The attachment consists of (1) a letter from Yomtov to the court dated May 26, 2015 [*sic*] referring to hearings on May 23, July 8, and August 25, 2016; (2) proposed findings and order (unsigned) relative to hearings on May 23 and July 8, 2016, that were apparently transmitted by Yomtov with the letter; and (3) August 2016 e-mails between Yomtov and Hage concerning the proposed findings and order. The existence of an unsigned order from prior hearings does not suggest, let alone establish (as claimed by Hage), that the court, prior to the July 6, 2017 hearing, had made a determination on the merits that child support arrearages were not owed by Hage.

---

[10] Hage's opening brief contains 30 pages of attachments identified as "Exhibit OB1" to "Exhibit OB5." His reply brief similarly contains 49 pages of attachments identified as "Exhibit ARB1" to "Exhibit ARB6." Hage's use of attachments to his appellate briefs is improper and in violation of the rules of appellate procedure. Under rule 8.204(d) of the California Rules of Court, "[a] party filing a brief may attach copies of exhibits or other materials in the appellate record . . ." (Hereafter, all unspecified rules are to the California Rules of Court.) It appears that the attachments are neither exhibits to the hearings related to the specific orders that are the subject of these appeals, nor materials already in the appellate record (i.e., reporter's transcripts and clerk's transcripts that have been designated and produced in these appeals). Matters that are not part of the record on appeal will not be considered by the appellate court. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102 (*Lona*).) We will "decline to consider" these attachments to Hage's briefs that are "not part of the record on appeal" because the procedure utilized by Hage violates rule 8.204(d). (*Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 546, fn. 1 (*Hodge*).) Moreover, to the extent that through the attachments to his reply brief, Hage raises new issues that Mhanna was not able to address in her respondent's brief, it is inappropriate for this court to consider such new issues. (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11; see also *People v. Peevy* (1998) 17 Cal.4th 1184, 1206 [in general, "a contention may not be raised for the first time in a reply brief"].)

Hage also refers to two binders of documents attached to his motion to augment.[11] The record shows that Hage offered two binders of records at the hearing on July 6, 2017; they were identified for the record but were not admitted into evidence by the court. We therefore cannot consider them here. (See *Frank v. County of Los Angeles* (2007) 149 Cal.App.4th 805, 815 [appellate court may not consider exhibits identified, but not admitted, at trial].) It appears from the record that the trial court at the July 6, 2017 hearing considered the binders. But even were we to consider the exhibits that were not admitted into evidence, we would conclude that they do not support Hage's claim. The documents Hage produced at the July 6, 2017 hearing appear—based upon the fact that many bear court exhibit tags—to have been exhibits to a prior hearing on May 23, 2016.[12] The documents include, inter alia, receipts, income and expense declarations, banking records, e-mails between Yomtov and Hage, school documents, an amended judgment (illegible), a request and order (illegible), and one page of a declaration by Hage filed August 15, 2016. They do not support his contention that the court erred in its July 6, 2017 order because the court had allegedly decided at an earlier date that there were no child support arrearages.

Hage argues that the trial court disregarded evidence at the hearing that he claims supported his position that Mhanna had agreed to pay a portion of their daughters' private school tuition—and thus that his deduction of that expense from the monthly child support payments in question was proper. This is a challenge to the sufficiency of the

---

[11] This court granted Hage's motion to augment the record.

[12] Hage in his opening brief includes a block reference to a collection of 53 pages of documents, without attempting to identify the particular documents or why he contends that they support his position. (See *Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 694, fn. 1 [practice of making block page references "frustrates this court's ability to evaluate *which facts* a party believes support [that party's] position, particularly when a large portion of that citation referred to points that appeared to be irrelevant"].)

evidence to support the court's underlying factual findings regarding child support arrearages. An appellant's assertion that no substantial evidence supports the factual finding requires it to " 'demonstrate' " that point, and "[a] recitation of only [appellant's] evidence is not the 'demonstration' contemplated . . . . Accordingly, if, as [appellants] here contend, 'some particular issue of fact is not sustained, they are required to set forth in their brief all the material evidence on the point and *not merely their own evidence*. Unless this is done the error assigned is deemed to be waived.' [Citations.]" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881-882, original italics (*Foreman & Clark*).)

Here, Hage focuses only upon *his own evidence* that he asserts establishes that the court erred in finding that Mhanna had not agreed to fund their daughters' private school education (and, hence, that it was improper for Hage to deduct tuition amounts from child support payments). Hage omits from his discussion evidence that does not support his claim, including Mhanna's testimony (through offer of proof and through her direct testimony) that Hage had insisted that their daughters attend private school, but Mhanna did not have the funds for private tuition and did not agree to pay for it. Hage also disregards evidence that prior to his enrolling the children in private school, the court had decided that Hage would bear the cost of private school, denying at an April 23, 2015 hearing Hage's request to modify the judgment to require Mhanna to pay one-half of private school tuition. By not presenting a balanced discussion of all material evidence, both favorable and unfavorable to his position, he has waived the appellate challenge. (*Foreman & Clark*, *supra*, 3 Cal.3d at pp. 881-882; see also *Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 50 [appellant waived appellate challenge where its "recitation of the facts [was] lacking in fairness and completeness . . . [and its] slanted presentation of the facts read[] more like argument"].) There was, in any event, substantial evidence supporting the trial court's factual findings that Hage's unilateral reduction of monthly child support payments, beginning August 3, 2015, was improper

because there had been no agreement by Mhanna that support could be reduced to account for private school tuition.

With respect to the aspect of the arrearages order in which the court determined previously-ordered attorney fees, Hage's argument appears to be based upon (1) repeated assertions of alleged ongoing misconduct by Yomtov in the dissolution proceedings; (2) apparent challenges to a number of procedural events in 2014 and 2015; (3) challenges to court orders preceding the July 6, 2017 order actually at issue in this appeal;[13] and (4) generalized, unsupported assertions, such as the claim that "the lawyer fees of $5000 awarded to Mr. Yomtov by Judge Grilli was indeed a big mistake sponsoring the corruption and the misconduct of . . . Yomtov." These general assertions are undeveloped and unsupported by legal authority. A "conclusory presentation [in an appellate brief], without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate. . . . [In such instances, the appellate court will] treat the issue as abandoned and [will] not address it on the merits." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Moreover, a party's failure to cite legal authority for a position in his or her appellate brief "amounts to an abandonment of the issue." (*People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284.) We therefore, conclude that Hage has abandoned his challenge to the arrearages order insofar as it concerned the past-ordered attorney fees.

Moreover, Hage's opposition below to Mhanna's request to determine the existence and amount of attorney fee arrearages was based upon a challenge to the validity of the attorney fee orders on which the arrearages claim was based. As presented at the hearing on July 6, 2017, the court had previously ordered Hage to pay attorney fees

---

[13] The orders Hage appears to challenge in his opening brief include an order filed in May 2013; an order filed on September 26, 2014; an August 1, 2017 order declaring Hage a vexatious litigant, which order was affirmed by this court (see *Mhanna II*, *supra*, H045077); and the October 2014 judgment.

to Yomtov in the amounts of $5,000 and $500, on September 1, 2015 and on March 8, 2016, respectively.  The time for Hage to have asserted any appellate challenges to these two orders had expired long before the July 6, 2017 hearing on the arrearages request.  The court, in ruling on Mhanna's requests, found that there were separate valid orders by the court that Hage pay attorney fees of $5,000 and $500 to Mhanna's counsel, Yomtov, and it found them due and payable with accrued interest in the total sum of $6,241.09.  In so finding, the court specifically advised Hage that "procedurally [it did not] believe [he had] a legal basis at this point to dispute Judge Grilli's ordering of you to pay $5,000 in need-based fees back in 2015."

Hage's challenge to the arrearages order is therefore without substantive merit.

### 2.    *Reconsideration Order (August 21, 2017)*

#### a.    **Background**

On July 11, 2017, Hage filed a request for order asking the court to "reconsider and correct" its arrearages order of July 6, 2017.  (Capitalization omitted.)  In the section of the request requiring a listing of supporting facts, Hage indicated, inter alia, that (1) there had been an agreement by Mhanna to place their children in private school; and (2) pursuant to Code of Civil Procedure section 128.5, Yomtov's bad faith actions and tactics since September 2014 warranted the imposition of sanctions against Yomtov "[that could] be used to cancel David Yomtov fees that was requested on 7/14/15." (Capitalization omitted.)[14]  The request was accompanied by a declaration containing arguments that had been previously made by Hage at the July 6 hearing.

---

[14] The record does not reflect that Hage, as required by statute, filed a motion for sanctions required under Code of Civil Procedure section 128.5 that was "*made separately from other motions or requests . . .* [that] describe[d] the specific alleged action or tactic, made in bad faith, that is frivolous or solely intended to cause unnecessary delay."  (Code Civ.Proc., § 128.5, subd. (f)(1)(A), italics added.)

17

Hage's motion to reconsider the court's arrearages order was heard on August 21, 2017. The court denied Hage's motion to reconsider, concluding that the reconsideration motion did not present new facts or different law under Code of Civil Procedure section 1008. Although it is not part of the appellate record, the register of actions contains an entry that appears to reflect that a written order was signed by the court, such order being essential to our resolution of Hage's challenge on appeal. (See *Maria P., supra*, 43 Cal.3d at pp. 1295-1296 [appellant's failure to procure an adequate record may result in his challenge being resolved against him].)[15]

### b. No Error Re August 21, 2017 Reconsideration Order

Although an order denying a motion for reconsideration is not separately appealable, "if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (Code Civ. Proc. § 1008, subd. (g).) Because the underlying arrearages order *is* an appealable order (*In re Marriage of Tibbett* (1990) 218 Cal.App.3d 1249, 1250, fn. 3 ["order determining arrearages and compelling payment of support is an appealable order"]), we will consider Hage's challenge to the order denying reconsideration.

But in considering Hage's challenge to the August 21, 2017 reconsideration order, there must be some substance to that challenge for us to address. We have reviewed Hage's lengthy opening and reply briefs. He presents no argument whatsoever in support of a claim that the trial court erred in denying his motion to reconsider the arrearages order. Indeed, beyond referring to a reporter's transcript of August 21, 2017, in a references index at the beginning of his briefs, there is no mention of Hage's

---

[15] As reflected in the transcript of the hearing, the court referred to a proposed findings and order on the reconsideration motion submitted by Yomtov reflecting the denial of the motion and the denial of Hage's request for sanctions. The transcript further reflects that the court indicated that it had signed the document.

18

reconsideration motion at all. As an appellate court, we have no obligation to develop Hage's arguments for him. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 (*Dills*).) Hage's challenge to the August 21, 2017 order denying motion for reconsideration is therefore forfeited. (*Stuard v. Stuard* (2016) 244 Cal.App.4th 768, 780 [appellant's undeveloped argument deemed forfeited on appeal].)

### C.    Order in Appeal No. H045423

#### 1.    Background

On September 25, 2017, Mhanna filed a request for order seeking a writ of execution. In describing the relief sought, Mhanna—identifying the arrearages order of July 6, 2017 that is the subject of the related appeal in H045078—averred that Hage had failed to make installment payments toward either the child support or attorney fee arrearages as previously ordered by the court, and that the entire amount of those arrearages was now due. She therefore requested that a writ of execution in the amount of $12,289.81 issue to enforce the arrearages order.[16]

On December 20, 2017, the court granted Mhanna's request for issuance of a writ of execution to enforce past-ordered child support and attorney fees awards.[17] Hage filed a notice of appeal in which he challenged the December 21, 2017 execution order. (See *Keitel v. Heubel* (2002) 103 Cal.App.4th 324, 339-340, fn. 2 [postjudgment order enforcing execution on judgment appealable].)

---

[16] Although it is not part of the appellate record here, we are aware that Hage filed on October 20, 2017, written opposition to Mhanna's request for issuance of a writ of execution. This document was attached improperly to Hage's opening brief. (See rule 8.204(d) ["party filing a brief may attach copies of exhibits or other materials in the appellate record"].)

[17] As Hage elected in his designation of the appellate record to proceed without a reporter's transcript, no transcript of the December 20, 2017 hearing is before us.

### 2. *No Error Re December 20, 2017 Execution Order*

Hage presents no substantive argument in his appellate briefs in support of a claim that the court erred in granting the execution order. In his opening brief, he has five sections dedicated to case No. H045423. There is no discussion or argument in those sections of the opening brief addressing the December 20, 2017 execution order.[18] Hage's reply brief contains no discussion at all concerning the execution order or case No. H045423.

We have no obligation to develop Hage's appellate arguments for him. (*Dills*, *supra*, 28 Cal.App.4th at p. 890, fn. 1.) Hage's challenge to the execution order is forfeited. (*Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 579, fn. 9 [appellant's failure to present any argument in his appellate briefs in support of his claim of error concerning ruling on demurrer results in forfeiture of appellate claim].)

### D. Orders in Appeal No. H046384

In case No. H046384, Hage challenges (1) the April 6, 2018 attorney fees order; (2) the October 29, 2018 order denying Hage's request to set aside the attorney fees order; and (3) the QDRO minute order of November 6, 2018. We address Hage's challenges to these three orders separately below.

### 1. *The Attorney Fees Order (April 6, 2018)*

#### a. Background

On August 4, 2017, Mhanna filed a request for order in which she sought attorney fees and costs including sanctions against Hage, pursuant to section 271 and Code of Civil Procedure section 128.5. The request was accompanied by a declaration, a supplemental declaration, and points and authorities. In the request, Mhanna sought sanctions of $75,000, citing to factors including (1) that she currently owed her attorney

---

[18] Instead, Hage incorrectly presents discussion and argument concerning the QDRO minute order, which is the subject of case No H046384, not case No H045423.

more than $50,000 in fees; (2) since the settlement of the case in July 2014, Hage had filed on the average nearly one motion per month to which she had to respond through her attorney; (3) the court had found many of Hage's motions frivolous; (4) Hage had filed two civil lawsuits against her (as well as her attorney, Yomtov) attempting to relitigate issues decided in family court; and (5) sanctions were appropriate to attempt to curtail future litigious behavior by Hage. In a supplemental declaration, Mhanna clarified that she was seeking attorney fees totaling $103,431.81 for defending against various requests by Hage in the dissolution proceeding, defending against Hage's two civil lawsuits and small claims action, and defending against an appeal filed by Hage in the dissolution proceeding. Although the hearing on the request was originally scheduled for October 16, 2017, it was ultimately rescheduled to March 21, 2018.

Hage filed a responsive declaration opposing the request for order on October 20, 2017. Hage stated that he opposed the sanctions request because it was based upon the order, filed August 1, 2017, finding him to be a vexatious litigant, an order that he contended was improper and that he was challenging by appeal. (See fn. 3, *ante*, and *Mhanna II*, *supra*, H045077 [nonpub. opn.].) On March 19, 2018, Hage filed a written objection to having the hearing on Mhanna's request proceeding on March 21, 2018.[19]

The court conducted a hearing on Mhanna's request on March 21, 2018. Mhanna and her counsel appeared; there was no appearance by Hage. The court found that Hage

---

[19] On March 14, 2018, Hage filed a request to file new litigation by a vexatious litigant, seeking to vacate the March 21, 2018 hearing and to schedule instead a two and one-half day hearing to include issues raised by Hage in his responsive declaration of October 20, 2017. Hage also stated in his document that he had a calendar conflict with the scheduled March 21, 2018 hearing date because he had a work obligation (attendance at a professional conference in the Bay Area) on March 21-22. The court denied leave for Hage to file new litigation.

"had more than ample notice of [the] hearing." After receiving testimony and documentary evidence from Mhanna, the trial court found in Mhanna's favor.[20]

On April 6, 2018, the court filed a lengthy order after hearing. The court found that Hage had "engaged in a pattern of conduct that demonstrates to the Court that the actions of [Hage] have violated the policy of the law that favors settlement of litigation and reducing the cost of litigation." The court found further that "[Hage's] multiple filings of Family Law matters and his multiple attempts to get the Court to reconsider prior orders present an extreme case of sanctionable conduct. The Court therefore finds that it is appropriate to issue sanctions against [Hage] for an amount of some of the reasonable attorney's fees that have been incurred in this case."

In summary, the court ordered Hage to pay Mhanna $70,000 in sanctions, pursuant to section 271, of which $50,000 of the amount awarded was also awardable as attorney fees under section 2030. The court also awarded Mhanna attorney fees of $10,000 under section 2030 for the cost of defending Hage's appeal from a custody order in the family law proceeding that was then pending. (See *Mhanna I*, *supra*, H044493 [nonpub. opn.], in which this court affirmed the custody order on January 14, 2019.) The trial court thus ordered Hage to pay Yomtov attorney fees totaling $80,000. The court directed Hage to make monthly payments to Yomtov of $2,000, commencing May 1, 2018. In the event that any installment was not timely paid, the entire balance would be due and payable. Lastly, finding that it did not have jurisdiction, the court denied Mhanna's request for attorney fees in connection with defending civil litigation brought by Hage.

### 2. *Appeal of Attorney Fees Order Must Be Dismissed*

Before we address the merits of Hage's challenge to the attorney fees order, we must consider whether his notice of appeal was timely filed. (See *Van Beurden Ins.*

---

[20] There was no reporter's transcript of the March 21, 2018 hearing, Hage having elected his formal designation of the record not to request a transcript of the hearing.

22

*Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 (*Van Beurden Ins.*) [time in which to appeal judgment ["is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal"].)[21]

The April 6, 2018 order imposing sanctions under section 271 that is at issue here is an appealable order. (*In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 5 & fn. 4; see also Code Civ. Proc., § 904.1, subd. (a)(12) [appealable order includes one that is taken "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)"].) The order is also appealable as "a pendente lite attorney fees order where nothing remains for judicial determination except the issue of compliance or noncompliance with its terms. [Citations.]" (*In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119.)

Under rule 8.104(a)(1), a notice of appeal, unless otherwise provided, "must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." The 180-day period is the outside limit for the timely filing of a notice of appeal where a prior notice of entry has not been served by a party or the clerk. (See, e.g., *Annette F. v.*

---

[21] Mhanna did not raise the issue of the timeliness of the notice of appeal in either her respondent's brief or by separate motion to dismiss. Because the timely filing of a notice of appeal is a jurisdictional prerequisite for our review (*Van Beurden Ins.*, *supra*, 15 Cal.4th at p. 56]), "we must dismiss an untimely appeal either upon motion of a party or upon our own motion [citation]." (*M'Guinness v. Johnson* (2015) 243 Cal.App.4th 602, 610.) We therefore requested that the parties brief whether the notice of appeal as to the attorney fees order was timely and whether Hage's appeal as to that order should be dismissed. We have received the letter briefs submitted on behalf of the parties concerning this issue and have carefully considered them.

*Sharon S.* (2005) 130 Cal.App.4th 1448, 1456 [180-day period applied where record did not contain document showing when, or if, notice of entry or copy of order was mailed by court clerk to appellant, or served by respondent on appellant].) The word "judgment" in these deadlines "includes an appealable order if the appeal is from an appealable order." (Rule 8.104(e); see also rule 8.10(4) [" '[[j]udgment' includes any judgment or order that may be appealed"].) Therefore, the April 3, 2018 attorney fees order, which is appealable, is governed by rule 8.104.

Here, the attorney fees order was filed April 6, 2018. The record does not include a notice of entry of order that was filed by the clerk or by the adverse party, Mhanna. There is, however, in the register of actions that is part of the record a docket entry of April 9, 2018, identifying a proof of service by mail of the findings and order awarding attorney's fees after the March 21, 2018 hearing. It is thus possible that the time for the filing of Hage's notice of appeal would have run 60 days after April 9, 2018, as the date the clerk served a filed-endorsed copy of the attorney fees order. (See Rule 8.104(a)(1)(A).) Without having the document referred in this docket entry available as part of the appellate record, however, it cannot be determined whether the document would constitute "a filed-endorsed copy of the judgment, showing the date [it] was served" under rule 8.104(a)(1)(A). We need not resolve this issue, because the notice of appeal was filed by Hage beyond the *outside limit* for the appeal as provided in rule 8.104(a)(1)(C); it was filed on November 9, 2018, more than 180 days after entry of the appealable order. The appeal from the attorney fees order was therefore untimely.

The fact that Hage, on April 20, 2018, filed a request to set aside or vacate the attorney fees order—which he titled a request for order "[to] set aside or vacate the lawyer fees order from the trial held 03/21/18 when respondent was unavailable with a good cause"—does not save the appeal. (Capitalization omitted.) The California Rules of Court provide for an extension of time for an appeal if a party files (1) a valid notice of intention to move, or moves, to vacate the judgment (rule 8.108(c)), or (2) a valid motion

24

to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a) (rule 8.108(e)).  Hage cited no statutory or case authority below in support of his request to set aside or vacate order, so it cannot be determined whether he brought his request as a motion to vacate judgment for which an extension would be provided under rule 8.108(c).  Likewise, it is unknown whether Hage intended his request to be a motion to reconsider under Code of Civil Procedure section 1008, subdivision (a) for which an extension would be provided under rule 8.108(e).  Hage therefore cannot establish that the provisions related to extensions of time in rule 8.108(c) or (e) apply.

But even assuming Hage's April 20 request for order constituted a valid motion to vacate judgment or a valid motion to reconsider, in either instance, the notice of appeal would still be untimely.  If Hage's request were deemed to be a valid motion to vacate judgment under rule 8.108, his time to file a notice of appeal would have been extended "until to *the earliest of* : [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move—or motion—is filed; or [¶] (3) 180 days after entry of judgment."  (Rule 8.108(c), italics added.)  Based upon this assumption that the request was a valid motion to vacate, Hage would have been required to file the notice of appeal by July 19, 2018, i.e., within 90 days of filing the motion on April 20.  (Rule 8.108(c)(2).)  Alternatively, if Hage's request were deemed a valid motion to reconsider, his time to file a notice of appeal would have been extended "until *the earliest of*:  [¶] (1) 30 days after the superior court clerk or a party serves an order denying the [reconsideration] motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order."  (Rule 8.108(e), italics added.)  Based upon this assumption that the request was a valid motion to reconsider, Hage would similarly have been required to file the notice of appeal by July 19, 2018, i.e., within 90 days of April 20, 2018.  (Rule 8.108(c)(2).)

Because the notice of appeal filed November 9, 2018, was untimely to perfect an appeal of the April 6, 2018 attorney fees order, the appeal, as to that attorney fees order, is dismissed.

### 2. *The Order Denying Set Aside Request (October 29, 2018)*

#### a. **Background**

On April 20, 2018, Hage filed a request to set aside or vacate the April 6. 2018 attorney fees order (set-aside request) with a hearing date scheduled for October 23, 2018. He asserted that he had been unavailable for the March 23, 2018 hearing due to his attendance at a professional conference, and that, prior to the hearing, he had attempted to reschedule the hearing to a later date with a two and one-half day time estimate.

After a hearing on October 23, 2018, the court filed its order on October 29, 2018, denying Hage's request to set aside or vacate the April 6, 2018 attorney fees order.

Hage filed a notice of appeal on November 9, 2018, challenging, inter alia, the order denying his motion to set aside or vacate the attorney fees order. Although the legal basis for his request is unclear from the record—because Hage presented no statutory or other authority below in support of the request—we will find that the October 29, 2018 order is appealable. (See *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127 [order denying motion to vacate judgment under Code of Civil Procedure section 663 is appealable]; *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137 [order granting or denying motion for relief from default judgment under Code of Civil Procedure section 473 "is a special order after judgment on a statutory motion to set aside the judgment, and as such is appealable"].)[22]

---

[22] We observe that were Hage's request to set aside or vacate the sanctions order construed as a motion for reconsideration under Code of Civil Procedure section 1008, the October 29, 2018 order denying that request would not be an appealable order. "An order denying a motion for reconsideration . . . is not separately appealable. However, if

26

### b. No Error in Denial of Set-Aside Request

#### (1) Defective Appellate Presentation

We observe that Hage fails in his appellate briefs to address specifically the claim that the court erred in its denial of his set-aside request. He presents no reasoned argument, including citation to legal authorities, of the appropriate standard of review, or analysis, addressing the question of whether, or in what respect, the court erred by denying the request to set aside or vacate the attorney fees order. Where an appellate brief fails to provide a summary of significant facts, ignores the standards of review, and fails to support arguments with meaningful analysis or citation to authority, the court may treat the party's contentions as lacking foundation and thus forfeited. (*In re S.C.* (2006) 138 Cal.App.4th 396, 410.)

Further, we note that Hage failed to designate documents relevant to the order denying the set-aside request. The register of actions refers to a declaration and memorandum of points and authorities that were filed on behalf of Mhanna in opposition to Hage's set-aside request. Likewise, the transcript of the March 21, 2018 hearing that resulted in the attorney fees order is not part of the record. (See fn. 20, *ante*.) Those opposition papers, and the transcript of the prior hearing, were essential to our review of

---

the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (Code Civ. Proc., § 1008, subd. (g).) Here, although the attorney fees order is separately appealable, the appeal filed by Hage was untimely. Since the appeal of the attorney fee order cannot be considered, the order denying the set-aside request, if the request were construed as a motion for reconsideration under Code of Civil Procedure section 1008, subdivision (a), would not be viable since the order would not be "reviewable as part of an appeal from" a reviewable order under subdivision (g). (Cf. *Chango Coffee, Inc. v. Applied Underwriters, Inc.* (2017) 11 Cal.App.5th 1247, 1252 [noting that key rationale for denying separate appealability to reconsideration order is that otherwise, party would obtain unwarranted extension of time to appeal].) Given that the October 29, 2018 order may be considered appealable if the set-aside request were construed as a motion under section 473 or 663 of the Code of Civil Procedure, we will disregard any challenge to appealability under Code of Civil Procedure section 1008.

the October 29, 2018 order challenged by Hage, who, as appellant, had the obligation to ensure that they were made part of the appellate record. (See *Maria P., supra*, 43 Cal.3d at pp. 1295-1296 [appellant's failure to procure an adequate record may result in his challenge being resolved against him].)

Notwithstanding the procedural defects in Hage's presentation of the appeal that could result in his claim being deemed forfeited, we will nonetheless consider the merits of Hage's challenge to the order denying the set-aside request.

### (2) *Challenge is Without Merit*

From our review of Hage's appellate briefs, it appears that the essence of his challenge to the attorney fees order—and in turn to the order denying the set-aside request—is that the trial court proceeded with the hearing on March 21 in Hage's absence when he "was not available with a good cause," and where Mhanna's counsel and the court knew in advance of such unavailability. As he did below in his set-aside request, Hage relies in significant part upon (1) a Notice of Unavailability he filed November 17, 2017; and (2) a series of e-mail communications between Hage and Yomtov's office dated November 27 to November 30, 2017.

The Notice of Unavailability does not provide a basis for challenging the order denying the set-aside request. The notice signed by Hage provided that he would be unavailable for motions, hearings, or trials between December 20, 2017, and January 6, 2018, because of a holiday vacation with the children. The notice provided no indication that Hage would be unavailable on March 21, 2018, the date of the hearing on Mhanna's sanctions request. While Hage asserted that it was improper to have held a status conference on January 2, 2018—at which conference, he contends, the court scheduled the March 21 hearing on the sanctions request—the Notice of Unavailability provides no basis for Hage's claim that he had advised the court and counsel that he would be unavailable for a potential hearing on March 21. Moreover, Hage's reliance upon the procedure of parties filing a notice of unavailability as a document that dictates

28

the court's scheduling of matters is misplaced. "To the extent this practice [of filing a notice of unavailability] attempts to put control of the court's calendar in the hands of counsel—as opposed to the judiciary—it is an impermissible infringement of the court's inherent powers." (*Carl v. Superior Court* (2007) 157 Cal.App.4th 73, 75 (*Carl*).)

The e-mails relied on by Hage indicate back-and-forth communications between Hage and Yomtov's legal assistant between November 27 and 30, 2017, in which Yomtov's office made attempts to schedule a hearing (presumably concerning Mhanna's request for sanctions). Those e-mails disclose that Hage listed three dates in March and two dates in April that he was available; Yomtov's office selected March 20, one of the dates provided by Hage, for the hearing; and Hage then wrote back indicating that he had "no availability anymore in March" and proposed dates in April. These e-mail communications do not demonstrate error by the trial court in setting the hearing on March 21. There is no indication that the court was aware of the e-mails at the time the hearing was scheduled. And even if it had been aware of the emails, they had no binding effect upon the court's power to schedule hearings. (*Carl*, *supra*, 157 Cal.App.4th at p. 75.)

The court, in its order denying the set-aside request, gave a detailed account of its reasoning, including a detailed recitation of the events leading to the scheduling of the March 21 hearing. The court recited that after a contempt hearing on October 10, 2017, the court set a hearing for October 24 on all matters that still remained pending at that time, including Mhanna's sanctions request and request for issuance of a writ of execution. Hage did not appear on October 24, despite having received notice. Because Mhanna also did not appear, her counsel, Yomtov, expressed concern that the absence of the parties may have been due to an emergency involving their children, and he therefore asked that the hearing be rescheduled. After Hage did not appear for the rescheduled hearing on November 7, the hearing was again reset due to a concern that Hage may not have received notice; the hearing was rescheduled to December 20, and notice of the

29

hearing was served on Hage. Yomtov served a status questionnaire on Hage, indicating that he would be asking to set a three-hour hearing on the sanctions request. Hage did not file a case management questionnaire and did not appear on December 20. The court continued the hearing to January 2, 2018, and gave notice to Hage, who again did not appear or file a case management conference questionnaire. The court then set the hearing on the sanctions request for March 21. On March 21, Mhanna and her counsel appeared and were ready to proceed. Hage did not appear. After waiting some time for Hage, the court proceeded in his absence and ultimately issued the attorney fees order.

In finding that Hage had not shown good cause to vacate or set aside the attorney fees order, the court concluded that Hage "had numerous opportunities to appear in court to request hearing dates that could accommodate his availability. The fact that he may have sent notices of unavailability to [Mhanna] does not alter the fact that he had a duty to come to court at some point to weigh in on when his matter was going to be set." In acknowledging that Hage submitted two prefiling requests to vacate the March 21 hearing that were denied by the presiding judge on February 13 and March 14, 2018,[23] the trial court observed that Hage had not detailed the reasons for his unavailability in the requests; rather, the thrust of his requests was that insufficient time had been allotted to the hearing. And the court noted that although in his set-aside request, Hage asserted that he had a work commitment that prevented his appearance at the March 21 hearing, "[e]ven [assuming] it were true . . . [he] could have made some attempts to appear," such as arranging to appear by telephone to request a continuance or retaining counsel to make a special appearance on his behalf. The court concluded that "[i]nstead, [Hage] chose to ignore the hearing" and thereby "ran the risk that the Court would make orders in his absence."

---

[23] Only one prefiling request and order denying request is part of the appellate record. The register of actions, however, identifies that there were five orders denying prefiling requests filed between January 3, 2018 and March 14, 2018.

30

Based upon our review of the record, including the transcript of the October 23, 2018 hearing on the set-aside request, we find no error. In his appellate briefs, Hage does not refute the trial court's detailed reasoning in its order, including its recitation of the procedural history leading to the scheduling of the March 21, 2018 hearing. Indeed, as we have observed, Hage's appellate presentation contains no discussion of the proceedings involving his set-aside request, no review of the court's October 29 order, and no argument as to the alleged basis upon which he asserts that denial of the set-aside request was error. The trial court did not abuse its discretion by denying Hage's request to set aside or vacate the attorney fees order. (*Zamora*, *supra*, 28 Cal.4th at p. 257 [order on motion for relief under Code Civ. Proc., § 473 " 'shall not be disturbed on appeal absent a clear showing of abuse' "]; see also *In re Marriage of Varner*, *supra*, 55 Cal.App.4th at p. 138 [order denying request to set aside judgment under § 2122 reviewed for abuse of discretion]; *Jacuzzi*, *supra*, 243 Cal.App.2d at p. 24 [new trial motion under Code Civ. Proc., § 662 reviewed for abuse of discretion].)

### 3.    QDRO Minute Order (November 6, 2018)

#### a.    Background

On or about September 27, 2018, Mhanna filed a request for order seeking a QDRO to enforce prior court orders. Because Mhanna's request is not part of the appellate record, we have no information as to its contents.[24] On November 6, 2018, the court issued a minute order granting Mhanna's request to enforce a prior court order for attorney fees through a QDRO. It was recited in the minute order that Hage had left a

---

[24] The register of actions lists Mhanna's request for order filed September 27, 2018; Mhanna's supporting memorandum filed October 11, 2018; Mhanna's supporting supplemental declaration filed October 11, 2018; and Hage's responsive declaration filed October 31, 2018. These documents, essential to appellate review of the QDRO order, were not included in the appellate record. (See *Maria P., supra*, 43 Cal.3d at pp. 1295-1296 [appellant's failure to procure an adequate record may result in his challenge being resolved against him].)

voicemail message indicating that he was unable to appear because of an emergency involving the parties' daughter and he therefore requested a continuance. It was recited further that Mhanna advised the court that she was unaware of any emergency involving the daughter, and the court denied the continuance request.

After filing a notice of appeal from, inter alia, the November 6, minute order granting the request for issuance of a QDRO, Hage filed a prefiling request seeking to request that the court vacate the QDRO minute order due to his nonappearance at the November 6 hearing; the court granted the prefiling request on November 16. The court denied Hage's request for order on November 20, indicating that "[t]he QDRO [Hage] seeks to vacate was never signed. The Court denied [Mhanna's] request. The Court finds that this request for order [to vacate QDRO] is moot." And on November 21, the court filed a formal order (signed November 19), indicating that it "decline[d] to treat its prior award of attorney's fees as a form of child support for purposes of enforcement," and therefore denied Mhanna's request for issuance of a QDRO.

### b.    Hage May Not Challenge Any Alleged Error

Hage contends on appeal that the court erred in its November 6, 2018 minute order granting Mhanna's QDRO request. He contends that the court failed to acknowledge the emergency involving the parties' daughter that he reported, and that the court should have granted his request to continue the hearing.[25]

It is a rule of appellate practice "that if the judgment or order is in favor of a party[,] he is not aggrieved and cannot appeal. [Citations.]" (*Nevada County Office of Education v. Riles* (1983) 149 Cal.App.3d 767, 779.) The QDRO request by Mhanna was ultimately denied by the court in its formal order of November 21, 2018. (See *Clark v. Mazgani* (2009) 170 Cal.App.4th 1281, 1290, fn. 5 [in the event of a conflict between

---

[25] All of the discussion in the opening brief concerning Hage's claim of error with respect to the November 6 QDRO minute order is contained under the wrong case heading; the heading Hage uses is case No. H045423, instead of case No. H046384.

the minute order and the judgment, "the judgment controls"].) Hage was therefore not aggrieved and cannot challenge the order. (*Nevada County Office of Education v. Riles*, *supra*, at p. 779.)

### III. DISPOSITION

In case No. H045078, the order of July 6, 2017, determining child support and attorney fee arrearages owed by appellant Hage is affirmed; and the August 21, 2017 order denying appellant Hage's motion to reconsider the arrearages order is affirmed.

In case No. H045423, the December 20, 2017 order granting in favor of respondent Mhanna a writ of execution to enforce past-ordered child support and attorney fees awards is affirmed.

In case No. H046384, the appeal of the April 6, 2018 order requiring appellant Hage to pay respondent Mhanna a total of $80,000 in attorney fees is dismissed as untimely; the October 29, 2018 order denying appellant Hage's request to set aside or vacate said attorney fees order of April 6, 2018, is affirmed; and the November 21, 2018 formal order denying respondent Mhanna's request for issuance of a QDRO (which order superseded a minute order of November 6, 2018 from which appellant Hage filed a notice of appeal), is affirmed.

Statutory costs from the three appeals are awarded to respondent Mhanna.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, J., ACTING P.J.



_____
DANNER, J.



*In re Marriage of Mhanna and Hage*
**H045078**
**H045423**
**H046384**